HAGEN v. ANDERSON COUNTY.

NEW TRIAL.—Where there is testimony tending to establish all the material issues in favor of prevailing party, it is not error of law to refuse motion for new trial.

Before ALDRICH, J., Anderson, October term, 1900.    Affirmed.

Action for damages for personal injuries from falling through a bridge, by John Hagen, by guardian *ad litem*, against Anderson County.    From refusal of motion of defendant to grant a new trial, defendant appeals.

*Mr. J. E. Breazeale,* for appellant, cites: *In absence of statutory liability, there is none against county:* 34 S. C., 145; 27 S. C., 419; 42 S. C., 19.    *If plaintiff brought about the injury by his own act or negligently contributed thereto, he cannot recover:* 40 S. C., 344; 57 S. C., 294; 58 S. C., 417; 29 S. C., 140.    *There being evidence that plaintiff negligently contributed to the injury, there was no evidence to support the verdict and new trial should have been granted:* 54 S. C., 141, 605.

*Messrs. Bonham & Watkins,* contra, cite: *Appellant can raise no other grounds in exceptions than those raised in motion:* 41 S. C., 454.    *What exceptions this Court will not consider:* 11 S. C., 195, 589; 23 S. C., 231; 53 S. C., 215; 57 S. C., 433.    *As to construction of stat. (Rev. Stat., 1169), in regard to plaintiff's negligence:* 55 S. C., 422; 38 S. E. R., 2; 58 S. C., 222.

September 7, 1901.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This action was brought under section 1169 of the Revised Statutes, to recover damages for personal injury alleged to have been sustained by plaintiff through a defect in a bridge over a ditch on a public high-

way in Anderson County, occasioned by the neglect or mismanagement of said county. The jury having rendered a verdict for $98 in favor of the plaintiff, the defendant moved for a new trial on the ground that the verdict was not supported by the evidence, which motion was refused. The defendant now appeals from the judgment rendered solely on the ground that there was error in refusing the motion for a new trial.

The refusal of a motion for a new trial is final as to all issues of fact involved. It is only when the verdict is wholly without any evidence to support it, that it is error of law to refuse a motion for new trial based upon the evidence. *Martin* v. *Jennings,* 52 S. C., 382. There was no error of law in this case, for an examination of the testimony shows that there was some testimony tending to establish all the material issues in favor of the plaintiff.

The judgment of the Circuit Court is affirmed.